UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| GILDOMAR RICARTE PINTO, Petitioner, v. MICHAEL NESSINGER, Warden of Wyatt Detention Center, et al., Respondents. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 26-cv-192-MRD-PAS |

ORDER

Before the Court is Gildomar Ricarte Pinto's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, Petitioner asserts that after receiving a second bond hearing the Immigration Judge ("IJ") "improperly denied bond by relying exclusively on allegations of criminal offenses contained in Immigration and Customs Enforcement ("ICE") arrest records for a case that was dismissed." *Id.* ¶¶ 1, 21. In response to the Petition, the Government avers that "Petitioner is seeking review of the IJ's discretionary judgment, over which this Court lacks jurisdiction" and that, despite Petitioner's argument otherwise, the IJ applied the correct standard of proof when denying him bond.[1] ECF No. 6 at 6, 9.

---

[1] The Government also argues the Petition should be dismissed because Petitioner has failed to exhaust his administrative remedies, including filing an appeal with the Board of Immigration Appeals. ECF No. 6 at 15. For the reasons stated herein, the Court dismisses the Petition on other grounds.

Under 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." This applies to a petition that is essentially seeking review of an immigration judge's bond determination. *See De Oliveira v. Joyce*, No. 2:25-CV-00291-LEW, 2025 WL 2916636, at *1 (D. Me. Oct. 14, 2025) (concluding "[t]his Court lacks the jurisdiction to award relief to Petitioner by means of a habeas order that directly reviews the immigration judge's bond determination") (citing 8 U.S.C. §§ 1226(e), 1252(a)(2), & 1252(b)(9)). The Court does, however, have jurisdiction to review an IJ's bond determination for errors of law. *Aguilar v. U.S. Immigr. & Customs Enf't Div. of the Dep't. of Homeland Sec'y et al.*, 510 F.3d 1 (1st Cir. 2007); *see Mayancela Mayancela v. FCI Berlin, Warden*, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *4 (D.N.H. Nov. 18, 2025) (concluding that Section 1226(e) does not eliminate the district court's habeas jurisdiction over questions of law or the constitutionality of related proceedings).

For purposes of the instant Petition, the Court assumes, without deciding, that it has jurisdiction over the Petitioner's claims and concludes that Petitioner's claims fail on the merits. Petitioner contends that in denying bond during his second bond hearing, the IJ relied solely on an uncorroborated Form I-213—characterized by Petitioner as "essentially a police report"—to conclude that he posed a danger to the community. The record before the Court tells a different story.[2]

---

[2] The Court may take judicial notice of immigration proceedings and agency actions. *See Adeyanju v. Garland*, 27 F.4th 25, 52 (1st Cir. 2022).

Under seal, the Government has submitted the IJ's Order from Petitioner's first bond hearing, dated February 10, 2026, his second bond hearing, dated April 2, 2026, a summary of the IJ's April 2026 Order, an audio recording of the April 2, 2026, bond hearing, and other various identification documents associated with the Petition. A review of these materials and the IJ's decision make clear that the IJ considered numerous pieces of evidence beyond the challenged report to determine that Petitioner poses a danger to the community.[3]

The IJ additionally made clear during the April 2, 2026, bond hearing that she is cognizant of First Circuit case law providing that substantial weight should not be given to an uncorroborated police report. Having considered the totality of the circumstances, she determined that the challenged report is both reliable and corroborated. *Id.* While it is not this Court's role to reexamine the IJ's discretionary judgment, *see Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 143 (D. Mass. 2019), it is clear here that the IJ relied on more than just an uncorroborated police report and that the IJ applied the burden of proof that due process requires. This Court, therefore, finds that there is no error of law apparent in the IJ's decision to deny bond. As such, the Petition is **DENIED** and this case is **DISMISSED**. ECF No. 1.

---

[3] The IJ made her determination largely based on evidence related to alleged domestic violence. Considering the severity and nature of these allegations, and the fact that these exhibits have been filed under seal, this Order avoids articulating any detail about the information detailed in the materials submitted by the Government.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

4/17/2026